**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal Action No. 04-0105** |
| ) | |
| **REINALDO BERRIOS, TROY MOORE,** ) | |
| **ANGEL RODRIGUEZ, and FELIX CRUZ,** ) | |
| ) | |
| Petitioners. ) | |
| _____) | |

**Appearances:**

**Brian Dobbins, Esq.**
Miami, FL
 *For the United States*

**Kye Walker, Esq.**
St. Croix, U.S.V.I.
 *For Petitioner Reinaldo Berrios*

**Troy Moore**
Waymart, PA
 *Pro Se*

**William A. Morrison, Esq.**
Tybee Island, GA
 *For Petitioner Angel Rodriguez*

**Christopher Opiel, Esq.**
Wilkes-Barre, PA
 *For Petitioner Felix Cruz*

**MEMORANUM OPINION**

**Lewis, Senior District Judge**

  THIS MATTER comes before the Court on Petitioners Angel Rodriguez ("Rodriguez") and Felix Cruz's ("Cruz") (collectively, "Petitioners") "Joint Motion for Reconsideration" ("Joint Motion") (Dkt. No. 1176); the Government's Opposition thereto (Dkt. No. 1178); "Joint Supplemental Motion in Support of Motion for Reconsideration" (Dkt. No. 1179); Petitioners'

"Motion to Withdraw Joint Supplemental Motion Filed" ("Motion to Withdraw") (Dkt. No. 1180); and Petitioners' "Joint Supplemental Motion as to Motion for Reconsideration DE #1176" ("Joint Supplemental Motion") (Dkt. No. 1181). For the reasons that follow, the Court will deny the Joint Motion; deny the Joint Supplemental Motion; and grant the Motion to Withdraw.

## I. BACKGROUND

On May 29, 2025, the Court entered an Order and Memorandum Opinion adopting the conclusions reached in Magistrate Judge Emile A. Henderson III's Report and Recommendation as supplemented, with regard to, *inter alia*, Petitioners' various Motions to Dismiss. (Dkt. Nos. 1174, 1175). Therein, the Court denied, *inter alia*, Petitioners' Joint Motion to Dismiss (Dkt. No. 1106); Second Joint Motion to Dismiss (Dkt. No. 1138); and Supplemental Motion to Dismiss (Dkt. No. 1172). *Id.* In those Motions, Petitioners argued that the compound crime charged in Count Five of the Third Superseding Indictment—First Degree-Felony Murder—should be vacated because they were neither charged with, nor convicted of, a predicate crime listed in the statute. (Dkt. Nos. 1106 at 2-5; 1138 at 3-4; 1172 at 2-3).

In its Memorandum Opinion, the Court held that the Procedural Default Rule precludes Petitioners from raising any arguments via their Section 2255 Motion that they could have argued on direct appeal. (Dkt. No. 1175 at 19). Whether Petitioners were charged with or convicted of a predicate crime for the felony murder count would fall squarely within that prohibition. *Id.* at 19-20. Further, the Court found that Federal Rule of Criminal Procedure 12(b)(3)(B) did not apply to Petitioners' claims. *Id.* at 16-18. In addition, the Court concluded that, even if it were to consider the arguments on the merits pursuant to Federal Rule of Criminal Procedure Rule 12(b)(2), Petitioners' claims would still fail. *Id.* at 23-25. Citing to Virgin Islands Supreme Court precedent, the Court held that a conviction on the predicate crime is not required to sustain a conviction on

the compound crime. *Id.* at 20. Rather, as long as there is sufficient evidence to sustain the compound crime, a conviction on the compound crime can be upheld. In that regard, the Court found that Petitioners' conviction of attempted robbery under federal law—which is "almost indistinguishable" from the crime of attempted robbery under local Virgin Islands law—provided further support for the Court's July 2008 conclusion that there was evidence sufficient to convict Petitioners of the compound crime of felony murder in Count 5. *Id.*

In the instant Joint Motion, Petitioners maintain that they were not charged with, and the jury did not consider, the predicate crime of attempted robbery under Virgin Islands law, which they contend is required to sustain their felony murder conviction. (Dkt. No. 1176 at 5). Petitioners further contend that attempted robbery under federal law differs substantially from attempted robbery under Virgin Islands law. *Id.* Petitioners also argue that because Count 7 of the Third Superseding Indictment—Unauthorized Use of a Firearm During a Crime of Violence—was predicated on Count 5 as a crime of violence, Count 5 should be dismissed under *U.S. v. Taylor*, 596 U.S. 845 (2022).

In response to the Joint Motion, the Government filed an Opposition. (Dkt. No. 1178). In its Opposition, the Government argues that Petitioners' Joint Motion should be denied because Petitioners have not addressed the Court's threshold basis—the Procedural Default Rule— for denying their Joint Motions to Dismiss with regard to Count 5. *Id.* at 2. In addition, the Government asserts that Petitioners have not met the legal threshold for reconsideration, and as such their Joint Motion should be denied. *Id.*

Thereafter, Petitioners filed a Supplemental Joint Motion. (Dkt. No. 1181). Acknowledging that Federal Rule of Criminal Procedure 12(b)(3)(B) is not the appropriate vehicle to make their arguments, Petitioners argue that the Court should consider their arguments on the

3

merits under Federal Rule of Criminal Procedure 12(b)(2) because they will be sentenced *de novo* and therefore the case is "pending" within the meaning of Rule 12(b)(2). *Id.* at 2. Petitioners maintain that, in order to sustain the felony murder conviction, the indictment must allege a predicate offense under Virgin Islands law, and because that was not done in this case, Count 5 must be dismissed for lack of jurisdiction. *Id.* at 2-3. Further, Petitioners argue that the Court misapplied the law because the Virgin Islands Supreme Court precedent cited in the Memorandum Opinion to stand for the principle that conviction of a predicate offense is not required is not analogous to the case here. *Id.* at 4-5. Relying on that same precedent, Petitioners also assert that although a separate count under Virgin Islands law is not "strictly required," the indictment still must allege the predicate offense. *Id.* at 5. Petitioners further assert that the Government has been inconsistent regarding whether Count Five is predicated on Count 2 of the Indictment. *Id.* at 6.

## II.     APPLICABLE LEGAL PRINCIPLES

To prevail on a motion for reconsideration, a party must show "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)*; see also* Local Rule of Civil Procedure 7.3(a) (listing same three grounds). Cruz and Rodriguez rely on the clear error/manifest injustice prong as the basis for their Motion for Reconsideration. (Dkt. No. 1181).

Under established law, clear error exists if, "'after reviewing the evidence,'" [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Atl. Basin Ref., Inc. v. ArcLight Cap. Partners, LLC*, Civil Action No. 2015-0071, 2019 WL 13175037, at *2 (D.V.I. Nov. 7, 2019) (citing *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d

4

Cir. 2016)) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. V.I. Water & Power Auth.*, No. 06-cv-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)). Reconsideration "is an extraordinary remedy and should be granted sparingly." *Boldrini v. Wilson*, No. CV-11-1771, 2013 WL 619774, at *1 (M.D. Pa. Feb. 19, 2013) (citing *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)).

### III.    DISCUSSION

The Court will deny Petitioners' Joint Motion and Supplemental Joint Motion because they have not shown that reconsideration is warranted. Petitioners have not advanced any arguments that demonstrate the need to correct clear error of law or fact or prevent manifest injustice. Indeed, the Court has previously considered—and rejected—virtually all of the arguments Petitioners again advance in support of the dismissal of Count 5.

First, as the Government notes, Petitioners have not addressed the deficiency in their arguments resulting from the Procedural Default Rule. (Dkt. Nos. 1178 at 2, 1175 at 19-20). This is a glaring omission because the Procedural Default Rule is, by itself, sufficient to bar Petitioners' arguments.

Further, Petitioners argue that they were not charged with the predicate crime of attempted robbery under local law to sustain the felony murder conviction. (Dkt. Nos. 1176 at 5; 1181 at 4-5). The issue of whether Petitioners were charged with a predicate crime—and required to be so

5

charged—is an issue that goes directly to the sufficiency of the Indictment, which again implicates the Procedural Default Rule.

In addition, and as the Government notes in its Sentencing Memorandum (Dkt. No. 1125), the viability of Count 5—First-Degree Felony Murder—is not dependent on Count 2 of the Indictment. Title 14 V.I.C. § 922(a) provides that, "[a]ll murder which (1) is perpetrated by means of poison, lying in wait, torture, detonation of a bomb or by any other kind of willful, deliberate and premeditated killing; (2) is committed in the perpetration or *attempt to perpetrate* arson, burglary, kidnapping, rape, *robbery* or mayhem, assault in the first degree, assault in the second degree, assault in the third degree and larceny . . . is murder in the first degree. 14 V.I.C. § 922 (emphasis added). Therefore, the first-degree felony murder charge under Virgin Islands law includes within the statute itself attempted robbery as an underlying predicate felony. Petitioners have presented no authority for the proposition that the felony-murder statute under Virgin Islands law requires that the defendant be charged and/or convicted of a separately charged felony count to sustain a felony-murder conviction.[1] Indeed, Petitioners acknowledge that a separate count is not "strictly required" but that the Indictment must still allege the predicate offense (Dkt. No. 1181

---

[1] Petitioners cite to *People of the V.I. v. Faulkner*, 57 V.I. 327, 335 (2012) *and Gumbs v. People,* 59 V.I. 784, 789 (2013) for the proposition that "the indictment still must allege the predicate offense." (Dkt. No. 1181 at 5). However, upon review of those cases, the Court does not find support for that proposition.

Further, in a Notice filed on January 19, 2026, Rodriguez now requests that the Court adopt the purported reasoning in *United States v. Dangleben, Jr.*, Criminal Action No. 3:2023-0072, to find that "a federal compound crime requires a federal predicate crime and . . . that a USVI compound crime requires a USVI predicate crime as to Count 5 of the Indictment." (Dkt. No. 1233 at 1). Rodriguez does not provide a specific citation to the Memorandum Opinion to which he refers, and it is not clear to the Court that *Dangleben* even applies here. Indeed, in the current context, it is not clear—and Rodriguez does not explain—how the Court's interpretation in *Dangleben* as to whether local Virgin Islands offenses can serve as predicate offenses under 18 U.S.C. §924(c) in is relevant to the circumstances here. In any event, in light of the Court's various other reasons as to why Petitioners' claims fail, this argument does not carry the day here.

at 5). Even assuming that the predicate offense must be alleged here, the Indictment does precisely that within Count Five. Moreover, the Court has previously found that Petitioners do not have to be convicted of the predicate crime to sustain the felony murder conviction. To the contrary, the conviction on the compound crime can be sustained—even if there is an acquittal on the predicate crime—once there is sufficient evidence to support the conviction. *See, e.g., Gumbs v. People,* 59 V.I. 784, 789 (2013) ("Importantly, when the elements of a criminal offense require the People to prove that the defendant committed an underlying felony, even an acquittal on the predicate felony would not justify setting aside a conviction for the compound felony if the People introduced sufficient evidence for the jury to convict the defendant of the predicate felony."); *People v. Thompson*, 57 V.I. 342, 351 (2012) (agreeing with federal district court decision that, even if the jury did not convict defendants on the underlying predicate crimes, its convictions on the compound crimes could be "upheld as long as there is sufficient evidence to support the convictions").

Finally, Petitioners maintain that Count 5—which was for felony murder under territorial law and served as a predicate for Count 7—should be dismissed based on *Taylor*. (Dkt. No. 1176 at 7). As discussed in the Court's July 18, 2023 and May 29, 2025 Memorandum Opinion, Count 7—Unauthorized Use of a Firearm During a Crime of Violence, in violation of 14 V.I.C. 2253(a)—arose under territorial law as opposed to federal law, and "[n]either *Davis* or *Taylor* has any bearing on this situation." (Dkt. Nos. 992 at 45-46; 1175 at 22). In its May 29, 2025 Opinion, the Court noted that its reasoning applied equally to Count 5 and further noted that Petitioners put forth no reason to reconsider the Court's decision. In short, Petitioners mostly reiterate arguments that the Court has already addressed and rejected.

Accordingly, because Petitioners have not established that the Court committed a clear

7

error of law or fact in rendering its May 29, 2025 Order and Memorandum Opinion, or that there is a need to prevent manifest injustice, or that there is any other basis to warrant reconsideration, Petitioners' Joint Motion and Supplemental Motion will be denied. The Court will grant Petitioners' Motion to Withdraw the Joint Supplemental Motion filed at Docket Number 1179.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Petitioners Angel Rodriguez and Felix Cruz's "Joint Motion for Reconsideration" (Dkt. No. 1176) and "Joint Supplemental Motion as To Motion for Reconsideration De# 1176" (Dkt. No. 1181). The Court will grant Petitioners' "Motion to Withdraw Joint Supplemental Motion Filed" (Dkt. No. 1180).

An appropriate Order accompanies this Memorandum Opinion.

Date:  January 21, 2026                                  _____/s/_____
                                                         WILMA A. LEWIS
                                                         Senior District Judge